# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JESSIE WILLIAMS,**

    **Plaintiff,**

    v.                                            Case No. 08-C-1071

**C.O. WISSING, C.O. KOONTZ,**
**and JOHN DOE,**

    **Defendants,**

## ORDER

Plaintiff, who is incarcerated at Waupun Correctional Institution, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis, and his motions to appoint counsel.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. Id. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint. Id.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 550 U.S. 544, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the

2

factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff names three defendants in the caption of his complaint: Correctional Officer Wissing, Correctional Officer Koontz, and "John Doe." In the section of his complaint identifying the defendants, plaintiff states that both defendant Wissing and defendant Koontz are employed as correctional officers at Waupun Correctional Institution. However, plaintiff does not provide any information about defendant "John Doe" in either the section identifying defendants or in the body of his complaint. Plaintiff's complaint does refer to various unnamed "staff in the bubble," "c.o. in the bubble," and "another officer" as individuals who may have participated in some way in delaying plaintiff's access to his inhaler during an asthma attack or in grabbing his hands and causing him to slam his head against the cell door during the asthma attack. It is not clear which of these individuals, if any, corresponds to named defendant "John Doe."

3

If plaintiff wants to proceed, he must file an amended complaint identifying the personal involvement of defendant "John Doe." Such amended complaint must be filed on or before February 27, 2009. Failure to file an amended complaint within this time period may result in dismissal of this action.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." Id. (citations omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

Regarding plaintiff's motions to appoint counsel, I note that indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). While the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. Id. at 654-55. Plaintiff has submitted letters from three attorneys declining to represent him. Consequently, I will consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty." Id. at 655. At this stage in the case, although it has not yet been determined whether plaintiff may proceed on his claims, plaintiff appears competent to represent himself. Although plaintiff's initial complaint failed to provide any information

4

regarding a "John Doe" defendant, it was comprehensible and supported by numerous exhibits. In addition, neither of plaintiff's potential claims appears complex, as the initial complaint alleges simply that various defendants delayed in responding to plaintiff's asthma attack or used excessive force when removing him from his cell during the asthma attack.

## ORDER

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **February 27, 2009**, plaintiff shall file an amended complaint that is complete in itself and indicates the personal involvement of defendant "John Doe" as described herein.

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel (Doc. # 3 and Doc. # 6) are **DENIED**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $350 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney

General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 9 day of January, 2009.

/s_____
LYNN ADELMAN
District Judge

6