# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JESSIE WILLIAMS,**

    **Plaintiff,**

    v.                                                                      Case No. 08-C-1071

**C.O. WISSING, C.O. KOONTZ,
and JOHN DOE,**

    **Defendants,**

Plaintiff, Jessie Williams, is a Wisconsin state prisoner incarcerated at Waupun Correctional Institution, proceeding in forma pauperis on Eighth Amendment claims that Correctional Officers John Koontz and John Doe used excessive force against him and that Correctional Officer Benjamin Wissing was deliberately indifferent to his serious medical need for his asthma inhaler. Presently before me are the summary judgment motion filed by defendants Wissing and Koontz, their motion to strike the affidavit of Robert Hicks, and plaintiff's motion for leave to file a belated response brief.

Plaintiff was ordered to respond to defendants' summary judgment motion on or before August 30, 2010, but he did not file his response until September 8, 2010, when he also filed a motion seeking leave to file the belated brief. In urging the court to accept the late brief, plaintiff states that his filing was delayed by various errors made by the prison staff in handling his mail. Defendants replied to plaintiff's response brief on September 20, 2010, without opposing his motion to accept the late brief. Accordingly, I will grant plaintiff's motion and accept his late filing.

On September 28, 2010, defendants filed a motion asking the court to strike the Affidavit of Robert Hicks. Defendants contend that this filing is inadmissible because it is not in the proper form and not timely. Specifically, with regard to form, defendants maintain that a declaration made "under the penalty of perjury that all statements made herein are true and correct to the best of my personal knowledge" is inadequate because the qualifying statement "to the best of my personal knowledge" invalidates the declaration. Defendants also maintain that plaintiff's sixteen-day delay in filing a signed declaration was unjustified and unfairly prejudicial insofar as plaintiff had over three months in order to obtain signed affidavits, and as the signed copy was not filed until after defendants filed their reply brief. In response, plaintiff states that he filed an unsigned copy along with his response brief opposing defendants' motion for summary judgment, and that he then filed the signed copy once he was able to obtain a signature.

Defendants incorrectly assert that the phrase "to the best of my personal knowledge" necessarily invalidates a declaration. 28 U.S.C. § 1746 explicitly permits certifications that are "substantially" in the form "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." Courts have often found language similar or identical to that used in the Hicks declaration to be adequate, so long as the declaration is still clearly made under penalty of perjury and based upon personal knowledge.[1] Consequently, I see

---

[1] See e.g. Cobell v. Norton, 391 F.3d 251, 260 (D.C. Cir. 2004) ("A declaration or certification that includes the disclaimer 'to the best of [the declarants's] knowledge, information or belief' is sufficient. . . ."); Verrier v. Sebelius, 2010 WL 1222740 at *4 (D. Md.) ("Here all affiants signed under penalty of perjury that the statements they made were 'true and correct', and also indicated that they were made to the best of their personal knowledge and recollection. The phrase 'to the best' does not negate the fact that they signed the documents under penalty of perjury, which the court can reasonably infer means that the affiants believed their statements to be true and correct and based on personal knowledge."); Clark v. Schaller, 2007 WL 666768 at *1 (E.D. Wis.) (unpublished) ("Clark's complaint states that: 'Plaintiff David J. Clark declares under penalty of perjury that the

2

no deficiency in the form of the Hicks declaration, which is explicitly based upon his personal knowledge and made under penalty of perjury. Similarly, I see no substantial prejudice to defendants due to plaintiff's sixteen-day delay in providing the signed declaration, as the unsigned version was filed properly with plaintiff's materials opposing summary judgment and simply corroborates plaintiff's own declaration. Under these circumstances, I will deny defendants' motion to strike the affidavit.

## I. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc. 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

---

foregoing is true and correct to the best of his knowledge and belief....' By declaring under penalty of perjury that his complaint is true and signing the document, Clark has verified his complaint pursuant to 28 U.S.C. § 1746. Thus in addressing defendants' summary judgment motion, the factual assertions in Clark's complaint that comply with the requirements of Fed. R. Civ. P. 56(e) are considered as if they were made in an affidavit."); Silva v. Gregoire, 2007 WL 2034359 at *3 (W.D. Wash) (unpublished) ("The declarations defendants submitted in support of the summary judgment motion contain the following language: 'I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.' The declarations substantially comply with the requirements. . . ."); and Williams v. Sielaff, 1990 WL 135721 at *1 (4th Cir.) (unpublished) ("White stated that his declaration was made under penalty of perjury andthat it was true and correct to the best of his knowledge. Under Fed. R. Civ. P. 56(e) and 28 U.S.C. § 1746, the filing qualifies as an affidavit.").

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## II. FACTS

Plaintiff Jessie Williams was incarcerated at Waupun Correctional Institution (WCI) at all relevant times.  Defendant Benjamin Wissing is a Correctional Officer at WCI.  At approximately 1:30 a.m. on December 18, 2007, Wissing observed plaintiff having difficulty breathing and requesting his inhaler.  At approximately 1:45 a.m. plaintiff was provided with his inhaler, and he was subsequently transported to Waupun Memorial Hospital at approximately 2:15 a.m., where a physical examination indicated that he appeared in moderate distress, and that his respiratory function was within normal limits with forced wheezes.

Wissing made rounds beginning at 10:15 p.m. on December 17, 2007, and recorded the following observations about plaintiff:

10:15 p.m. On bed doing hair

11:00 p.m. at door talking

4

11:30 p.m. Pounding on door

11:45 p.m. Yelling out cell

12:00 a.m. Pounding door

12:45 a.m. Yelling out cell

1:15 a.m. Yelling about moving cells

Wissing avers that he was not aware, prior to approximately 1:30 a.m., that plaintiff was having breathing troubles and requesting an inhaler. Plaintiff, however, avers that he alerted Wissing to his problems breathing and need for his inhaler by yelling out of his cell door beginning at 11:00 p.m., and that he yelled out of his cell each time Wissing made his rounds and looked into his cell, until he suffered a full asthma attack at 1:30 a.m. Plaintiff avers that Wissing ignored his repeated requests for his inhaler although he alerted him that without the inhaler he would have a full scale asthma attack. Inmate Robert Hicks avers that at or around 11:00 p.m. he heard plaintiff yell to Wissing that he was having breathing problems due to the cold and needed to have his inhaler brought to him or to be moved to a different cell. According to Hicks, he saw Wissing make his rounds and look into plaintiff's cell as plaintiff made these statements, but Wissing did not respond to plaintiff, and plaintiff continued to pound on his cell door and yell out the door until about 1:40 a.m. that he needed his inhaler and could not breathe.

### III. ANALYSIS

In support of summary judgment, defendants offer that plaintiff has failed to identify the John Doe defendant and has failed to exhaust his administrative remedies with regard to his excessive force allegations against defendants Doe and Koontz. Defendants further submit that Correctional Officer Wissing is entitled to summary judgment because he was

5

not aware of plaintiff's breathing troubles and requests for his inhaler until approximately 1:30 a.m. on December 18, 2007, and then provided the inhaler within fifteen minutes.

In response, plaintiff concedes that he did not exhaust his administrative remedies regarding his excessive force claim, and he voluntarily dismisses that claim. However, plaintiff maintains that he continuously yelled from his cell from 11:00 p.m. on December 17, 2007 until 1:30 a.m. on December 18, 2007, that he wanted to be moved from his cold cell and needed his inhaler because he was having difficulty breathing. Plaintiff asserts that Wissing made regular rounds during this time and heard his pleas for help, yet did not provide any assistance to him until after 1:30 a.m., when he suffered a full asthma attack.

As it is undisputed that plaintiff failed to exhaust his administrative remedies with regard to his use of force claim, I will dismiss defendants Doe and Koontz from this action without prejudice, and turn to plaintiff's claim that defendant Wissing was deliberately indifferent to his serious medical need. For purposes of summary judgment, defendants assume that plaintiff suffered from an asthma attack, and question only whether Wissing acted with deliberate indifference. Defendants argue that Wissing acted promptly in providing plaintiff's asthma inhaler after first learning of his breathing difficulty at 1:30 a.m. Plaintiff, on the other hand, maintains that Wissing heard him calling for help beginning at 11:00 p.m. but ignored him until he suffered a full asthma attack at 1:30 a.m.

Defendants argue that I should reject plaintiff's version of events because: it is not supported by admissible evidence; it differs from the time frame provided in the original complaint; it does not establish that Wissing heard plaintiff's calls for help; and plaintiff could not continuously yell and shout for over two hours if he were actually having serious problems breathing. However, plaintiff's version of events is supported by his own affidavit,

6

and the affidavit of Robert Hicks, both of which are admissible as declarations under penalty of perjury pursuant to 28 U.S.C. § 1746 for the reasons discussed previously.

Various inconsistencies in plaintiff's differing accounts may impair his credibility, but they do not compel a fact finder to reject the version of events he presents in his declaration. While it may seem unlikely that plaintiff would be able to yell for help continuously for over two hours while suffering breathing difficulties, it is not necessarily impossible, especially as plaintiff indicates that he was desperately trying to obtain his inhaler during this period to prevent the full-fledged asthma attack he suffered shortly thereafter. Nor do the logbook entries submitted by defendants compel the conclusion that Wissing was unaware of plaintiff's medical distress. Wissing's recorded entries indicate that he observed plaintiff talking, yelling, and pounding at his cell door from 11:00 p.m. until 1:15 a.m., but for the most part these entries do not reflect whether Wissing heard what plaintiff was yelling about or whether he made any efforts to determine the cause of plaintiff's distress prior to 1:30 a.m., when he observed plaintiff having difficulty breathing.

Wissing's affidavit declares that he was unaware of plaintiff's breathing troubles and requests for an inhaler until 1:30 a.m., but both plaintiff and Robert Hicks aver that plaintiff repeatedly yelled regarding this issue as Wissing made his rounds and looked into plaintiff's cell. Whether Wissing heard and ignored plaintiff's complaints, or merely observed plaintiff shouting but did not hear him, is a question of fact for a jury to determine. See Berry v. C.T.A., 618 F.3d 688, 691 (7th Cir. 2010) ("It is not for courts at summary judgment to weigh evidence or determine the credibility of such testimony; we leave those tasks to factfinders."). Because a fact finder could find plaintiff's version of events credible and infer that Wissing willfully ignored his cries for help, his deliberate indifference claim survives

defendants' motion for summary judgment. See Board v. Farnham, 394 F.3d 469, 485 (7th Cir. 2005) ("In this case the guards, Verchota and Rhodes, knew or should have known that Duke was suffering from asthma, a serious medical condition, and to refuse the man his inhaler putting Duke at a 'serious risk of being harmed': both guards made a conscious decision not to act when they easily could have. Therefore, we hold that, for summary judgment purposes, Duke has sufficiently established the deliberate indifference of the Jail staff to his medical need for his asthma inhaler.").

Accordingly,

**IT IS ORDERED** that plaintiff's motion to file a belated response to defendants' motion for summary judgment (Doc. # 39) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' motion to strike the affidavit of Robert Hicks (Doc. # 52) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment (Doc. # 24) is **GRANTED in part, insofar as defendants John Doe and Correctional Officer Koontz are DISMISSED as defendants without prejudice** due to plaintiff's failure to exhaust his administrative remedies with regard to his claim that he was subjected to an excessive use of force, and **DENIED in part, as to the remainder of the motion**. Plaintiff's claim against defendant Correctional Officer Wissing for deliberate indifference to his medical need shall be set for trial.

Dated at Milwaukee, Wisconsin, this 8th day of March, 2011.

/s_____
LYNN ADELMAN
District Judge